IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| Lyne Bien-Aime, | ) | CIVIL ACTION NO._____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Wellpath Recovery Solutions, LLC | ) | |
| | ) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act, as amended, to correct unlawful employment practices and to provide relief to Plaintiff Lyne Bien-Aime who was adversely affected by such practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331. This action is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), 42 U.S.C. § 12112, 42 U.S.C. § 12203, 29 C.F.R. § 1630.4.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida.  Therefore, in accordance with 28 U.S.C. §1391, venue is appropriate in this Court.

PARTIES

3. During all times material, Plaintiff, Lyne Bien-Aime ("Plaintiff" or "Bien-Aime"), was an employee of Defendant Wellpath Recovery Solutions, LLC ("Defendant"), resided in

Broward County, Florida and the causes of action accrued in the jurisdiction of the United States District Court for the Southern District of Florida.

4. During all times material, Defendant provided healthcare services in Broward County, Florida and employed Bien-Aime.

5. At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer within the meaning of 42 U.S.C. § 12111(5).

## CONDITIONS PRECEDENT

7. Bien-Aime has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Bien-Aime timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

8. The EEOC sent Plaintiff a Notice of Right to Sue on or after August 10, 2022. Bien-Aime timely commenced this action.

## STATEMENT OF FACTS

9. Bien-Aime was a mental health technician at Defendant (formerly known as Correct Care, LLC a/k/a Correct Care Recovery Solutions) starting on or about February 6, 2017.

10. On or about July 22, 2017, Bien-Aime's right leg and right arm were injured at Defendant when a patient attacked Bien-Aime, thus making Bien-Aime disabled under the Americans with Disabilities Act.

11. On or about January 2018, Bien-Aime returned to work at Defendant where he was assigned light duty as an accommodation for his disability.

12. Specifically, Bien-Aime was assigned to work as a laundry attendant for Defendant.

13. On or about the beginning of April, 2018, as an accommodation, Bien-Aime was assigned to work in the Special Observation Room ("SOR") of Defendant.

14. On or about April 13, 2018, Bien-Aime presented to Defendant a Status Report from his orthopedic surgeon, Dr. James Voglino.

15. Despite Bien-Aime providing sufficient medical documentation to Defendant from Dr. Voglino, Defendant continued to ask Bien-Aime for more medical documentation regarding his right leg and right arm.

16. After on or about April 19, 2018, Bien-Aime was prevented from continuing to work by Defendant's employees: Jason Hodges, Sandra Oestricher, and Andrea Taylor.

17. As a result of Defendant's continued requests for medical documentation regarding his right arm and right leg, Dr. Voglino provided another Status Report on or about May 4, 2018.

18. Nonetheless, Defendant continued to demand more medical documentation from Bien-Aime regarding his right arm and right leg even though sufficient medical documentation had previously been provided.

19. On or about June 11, 2018, Bien-Aime's employment was illegally terminated in violation of the Americans with Disabilities Act.

20. During all times material, Defendant's employees, including, but not limited to, Jason Hodges, Sandra Oestricher, and Andrea Taylor, acted within the scope of their employment with Defendant.

### COUNT I
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
**(Preventing Bien-Aime from returning to Defendant to work)**

21. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

22. Bien-Aime was a mental health technician at Defendant starting on or about February 6, 2017.

23. On or about July 22, 2017, Bien-Aime's right leg and right arm were injured at Defendant when a patient attacked Bien-Aime. Consequently, Bien-Aime was disabled as defined by the Americans with Disabilities Act in that he had physical impairment that substantially limited one or more major life activity, and Defendant perceived him to be disabled.

24. Bien-Aime was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

25. On or about the beginning of April 2018, as a reasonable accommodation for Bien-Aime's disability, Bien-Aime was assigned to work in the Special Observation Room ("SOR") of Defendant.

26. After on or about April 19, 2018, due to Bien-Aime exercising his right to a reasonable accommodation, Bien-Aime requesting to keep his reasonable accommodation of working in the SOR, and him opposing the removal of said accommodation, Defendant retaliated against Bien-Aime by preventing him from returning to work at Defendant.

27. Said accommodation was not an undue burden upon Defendant.

28. During all times material, Defendant's employees, including, but not limited to, Jason Hodges, Sandra Oestricher, and Andrea Taylor, acted within the scope of their employment with Defendant.

29. Bien-Aime has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Bien-Aime timely filed a Charge of Discrimination with the EEOC.

30. The EEOC provided Bien-Aime with a Right to Sue letter on or after August 10, 2022. Bien-Aime timely commenced this action.

31. WHEREFORE Bien-Aime demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT II
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
**(Termination of Employment)**

32. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

33. Bien-Aime was a mental health technician at Defendant starting on or about February 6, 2017.

34. On or about July 22, 2017, Bien-Aime's right leg and right arm were injured at Defendant when a patient attacked Bien-Aime. Consequently, Bien-Aime was disabled as defined by the Americans with Disabilities Act in that he had physical impairment that substantially limited one or more major life activity, and Defendant perceived him to be disabled.

35. Bien-Aime was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

36. On or about the beginning of April 2018, as a reasonable accommodation for Bien-Aime's disability, Bien-Aime was assigned to work in the Special Observation Room ("SOR") of Defendant.

37. After on or about April 19, 2018, Bien-Aime was prevented from continuing to work in the SOR as a reasonable accommodation.

38. Said accommodation was not an undue burden upon Defendant.

39. Due to Bien-Aime exercising his right to a reasonable accommodation, Bien-Aime requesting to keep his reasonable accommodation of working in the SORn and him opposing the removal of said accommodation, Defendant retaliated against Bien-Aime by terminating his employment.

40. During all times material, Defendant's employees, including, but not limited to, Jason Hodges, Sandra Oestricher, and Andrea Taylor, acted within the scope of their employment with Defendant.

41. Bien-Aime has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Bien-Aime timely filed a Charge of Discrimination with the EEOC.

42. The EEOC provided Bien-Aime with a Right to Sue letter on or after August 10, 2022. Bien-Aime timely commenced this action.

43. WHEREFORE Bien-Aime demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## JURY TRIAL DEMAND

Plaintiff Lyne Bien-Aime demands a trial by jury on all issues so triable.

Date: Friday, November 04, 2022

Respectfully submitted,

*/s/ Nnamdi Jackson*
Nnamdi S. Jackson
Fla. Bar No. 99804
The Law Office of Nnamdi S. Jackson, P.A.
2645 Executive Park Drive, suite 340
Weston, FL 33331
(954) 670-1267
njackson@nsjlawoffice.com